**Charles Kelvin SMITH**

v.

**UNITED STATES PAROLE COMMISSION.**

**Civ. No. 5–90–152 (WWE).**

United States District Court,
D. Connecticut.

Jan. 14, 1993.

Charles Kelvin Smith, pro se.

Carl J. Schuman, U.S. Attys. Office, Hartford, CT, for defendant.

## RULING ON PETITION

EGINTON, Senior District Judge.

Petitioner Charles Kelvin Smith seeks declaratory and injunctive relief against the United States Parole Commission's two-tiered system in which prisoners with sentences shorter than thirty years receive an initial parole hearing and a presumptive parole date within 120 days of incarceration while prisoners with longer sentences must wait until they have served one-third of their sentence before receiving a hearing and presumptive parole date. The petitioner claims that this distinction violates the Fourteenth and Eighth Amendments to the United States Constitution.

## FACTS

Plaintiff is a federal prisoner incarcerated in the Federal Correctional Institution in Danbury, Connecticut, serving a thirty year term for transportation in interstate commerce of a stolen aircraft and stolen boat, sale of stolen goods, and wire fraud. Plaintiff becomes eligible for parole after serving the lesser of one-third of his sentence or ten years. 28 C.F.R. § 2.2(a). The Parole Commission is required to provide a parole determination hearing "not later than thirty days before the date of such eligibility for parole." 18 U.S.C. § 4208(a). The Commission has adopted a regulation that provides for an initial parole determination hearing within 120 days of a prisoner's arrival at a federal institution, or as soon thereafter as practicable. The exception to this regulation is that prisoners with minimum terms of parole ineligibility of ten years or more receive their initial hearing "at least 90 days prior to the completion of such minimum term." 28 C.F.R. 2.12(a).

Petitioner argues that setting the date for an initial parole determination hearing by the length of a prisoner's sentence violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Eighth Amendment's proscription against cruel and unusual punishment.

## DISCUSSION

"The essence of equal protection is that persons similarly situated with respect to challenged government action shall be treated similarly." The Fourteenth Amendment, however, does not provide that all people must be treated identically. *Lombard v. Board of Education of the City of New York*, 645 F.Supp. 1574, 1581 (E.D.N.Y.1986) (citations omitted). When determining whether a particular government action violates the Equal Protection Clause of the Fourteenth Amendment, a court generally considers whether the classification at issue bears some rational relationship to a legitimate government interest. Only when the challenged classification infringes upon a "fundamental right" or is directed at a "suspect class" does the court apply a stricter level of review. *Plyler v. Doe*, 457 U.S. 202, 216–218, 102 S.Ct. 2382, 2394–2395, 72 L.Ed.2d 786 (1982); *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976). Because petitioner has not alleged that he is a member of a suspect class and, in seeking greater parole privileges, has not asserted a fundamental right, his equal protection claim must be reviewed under the rational relationship test.

Petitioner's equal protection claim appears to be of first impression in this circuit. However, the Seventh Circuit has held that the two-tiered system is rationally related to a legitimate government interest. *Inglese v. U.S. Parole Commission*, 768 F.2d 932, 940 (7th Cir.1985). The court in that case found that

"[i]t is rational for the Commission to set a 120 day initial hearing date for shorter sentences ... and to tie all other initial hearing dates for prisoners with longer sentences to the minimum date of the sentence itself. To require a hearing for all prisoners after 120 days requires excessive and unnecessary work; some prisoners

may have life sentences or other similarly lengthy terms which make initial parole determinations practically irrelevant to the real date of their eventual release. On the other hand, a 120 day hearing date for all sentences less than ten years is an efficient system: special hearing dates for all short sentences do not need to be calculated, making it more likely therefore that prisoners will receive timely initial hearings. Finally, initial parole hearings suggest[ ] a possibility of parole; it is rational to provide prisoners with short sentences with an incentive to achieve parole as early as possible. It also seems rational not to discuss the distant future with prisoners whose crimes were so serious that much longer sentences were imposed upon them."

This court agrees, and finds that the two-tiered system established by 28 C.F.R. § 2.12 is rationally related to a legitimate government interest. Accordingly, the petition will be denied as to the equal protection claim.

▪ Petitioner's claim that he has been denied due process by having to wait until 90 days prior to the completion of his minimum term to obtain a parole hearing also will be denied. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). "Nor does an inmate 'have a protectible expectation of parole by virtue of the mere existence of a parole system.'" *Inglese*, 768 F.2d at 940 (quoting *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir.1982). 18 U.S.C. § 4208(a) does not create a right to a hearing within 120 days after incarceration; it merely provides for a parole hearing shortly before eligibility. Similarly, 28 C.F.R. § 2.12 does not create an "expectancy interest;" it merely promises an initial parole hearing based on a prisoner's minimum term. *Inglese*, 768 F.2d at 940.

▪ Finally, petitioner's claim that the two-tiered system is cruel and unusual is without merit. Because a prisoner has no constitutional or inherent right to be released prior to the expiration of a valid sentence,

there is nothing cruel or unusual about requiring him to serve his minimum term before giving him a parole hearing. Accordingly, the petition will be denied as to the Eighth Amendment claim.

## CONCLUSION

For the reasons set forth above, the petition [1–1] is DENIED. The Clerk is directed to close this file.